FILED

2012 Oct-16  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRITTNE A. BELL, as Personal Representative of the Estate of Rebecca Lynn Allred, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:12-CV-02991 |
| SHELBY COUNTY, ALABAMA; MIKE CURRY, Sheriff; PRISON HEALTHCHCARE, LLC; The TOWN OF HARPERSVILLE, ALABAMA; THEOANGELO PERKINS, in his Official capacity as Mayor of the Town of Harpersville; and JUDICIAL CORRECTION SERVICES, INC., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## JCS' ANSWER TO FIRST AMENDED COMPLAINT

Judicial Correction Services, Inc. ("JCS") files and serves this Answer to the First Amended Complaint and to each allegation, claim, count and paragraph, separately and severally, asserts the following affirmative defenses:

### INDIVIDUAL RESPONSES

### INTRODUCTION

The allegations contained in the unnumbered paragraph described as Introduction consist of legal allegations requiring no response. Nonetheless, JCS

denies any allegation, implication or inference that it violated Rebecca Allred's rights under the Constitution of the United States, the Alabama State Constitution and the laws of the United States and the State of Alabama.

## PARTIES

1.      In response to paragraph 1 of the First Amended Complaint, JCS neither admits nor denies the allegations in paragraph 1 because it lacks sufficient knowledge to form a belief as to the truth of the matters asserted.

2.      In response to paragraph 2 of the First Amended Complaint, JCS denies that Shelby County, Alabama is a municipal corporation.  JCS admits that Shelby County is located in Shelby County, Alabama.

3.      In response to paragraph 3 of the First Amended Complaint, JCS denies that the Sheriff of Shelby County, Alabama is "Mike Curry" or that a "Mike Curry" was Sheriff in May of 2011.  The remaining allegations consist of legal allegations require no response.

4.      In response to paragraph 4 of the First Amended Complaint, JCS is without sufficient information either to admit or to deny that Prison Healthcare, LLC contracted with Shelby County to provide medical services to inmates of the Shelby County Jail.  Therefore, these allegations are deemed denied.  JCS admits the remaining allegations in paragraph 4.

5.     In response to paragraph 5 of the First Amended Complaint, JCS admits that the Town of Harpersville is a municipal corporation located in Shelby County, Alabama.  JCS admits the Town of Harpersville operated a police force and municipal court in May of 2011.  JCS admits that Theoangelo Perkins was the mayor of Harpersville in May of 2011.  The remaining allegations consist of legal allegations requiring no response, but are nonetheless denied.

6.     In response to paragraph 6 of the First Amended Complaint, JCS admits that it is a Delaware corporation, registered as a foreign corporation and doing business in the State of Alabama and in the Northern District of Alabama. JCS admits that is a for profit company offering services to governmental entities, which are offender-funded.  JCS denies the remaining allegations of paragraph 6.

## JURISDICTION

7.     In response to paragraph 7 of the First Amended Complaint, JCS admits that this Court has jurisdiction over plaintiff's federal law claims.  JCS denies it committed any acts that violated the United States Constitution or any other federal or state law. JCS denies the remaining allegations in paragraph 7.

8.     In response to paragraph 8 of the First Amended Complaint, JCS admits that Shelby County is located within the Northern District of Alabama. JCS denies the remaining allegations in paragraph 8.  JCS did not violate any of the Plaintiff's rights or the rights of Rebecca Lynn Allred.

## FACTS

9.    In response to paragraph 9 of the First Amended Complaint, JCS re-alleges and incorporates by reference JCS' responses to paragraphs 1 through 8 of this Answer and all affirmative defenses.

10.    In response to paragraph 10 of the First Amended Complaint, JCS is without sufficient information either to admit or to deny that Rebecca Lynn Allred was incarcerated in the Shelby County Jail on May 18, 2011 as a pre-trial detainee. Therefore, these allegations are deemed denied. JCS denies the remaining allegations in paragraph 10.

11.    JCS is without sufficient information either to admit or to deny the allegations in paragraph 11. Therefore, these allegations are deemed denied.

12.    In response to paragraph 12 of the First Amended Complaint, JCS admits Harpersville has no city jail. JCS is without sufficient information either to admit or to deny the remaining allegations. Therefore, these allegations are deemed denied.

13.    In response to paragraph 13 of the First Amended Complaint, JCS is without sufficient information either to admit or to deny that Rebecca Lynn Allred was incarcerated in the Shelby County Jail at the time of her death. Therefore, these allegations are deemed denied. JCS denies the remaining allegations in paragraph 13. JCS does not have, nor has plaintiff's counsel produced, any record

indicating Rebecca Allred was a probationer assigned to JCS in Harpersville Municipal.   Rebecca Lynn Allred was not a probationer assigned to JCS by Harpersville.   JCS did not collect fines or fees from Rebecca Lynn Allred for a criminal offense arising from Harpersville.

14.     In response to paragraph 14 of the First Amended Complaint, JCS admits it contracted with Harpersville and other municipalities to provide probation services.   JCS denies the remaining allegations in paragraph 14. Harpersville Municipal Court, not JCS, set fines for defendants.   Further, Rebecca Allred was not a probationer assigned to JCS by Harpersville.

15.     JCS is without sufficient information either to admit or to deny the allegations of paragraph 15 of the First Amended Complaint.   Therefore, these allegations are deemed denied.

16.     JCS is without sufficient information either to admit or to deny the allegations of paragraph 16 of the First Amended Complaint.   Therefore, these allegations are deemed denied.

17.     JCS is without sufficient information either to admit or to deny the allegations of paragraph 17 of the First Amended Complaint.   Therefore, these allegations are deemed denied.

18.   JCS is without sufficient information either to admit or to deny the allegations of paragraph 18 of the First Amended Complaint.   Therefore, these allegations are deemed denied.

19.   JCS is without sufficient information either to admit or to deny the allegations of paragraph 19 of the First Amended Complaint.   Therefore, these allegations are deemed denied.

20.   JCS is without sufficient information either to admit or to deny the allegations of paragraph 20 of the First Amended Complaint.   Therefore, these allegations are deemed denied.

21.   JCS is without sufficient information either to admit or to deny the allegations of paragraph 21 of the First Amended Complaint.   Therefore, these allegations are deemed denied.

22.   JCS is without sufficient information either to admit or to deny the allegations of paragraph 22 of the First Amended Complaint.   Therefore, these allegations are deemed denied.

**COUNT I**
**Violation of the Due Process Clause of the Fourteenth Amendment**
**Defendants Shelby County and Curry**

23.   In response to paragraph 23 of the First Amended Complaint, JCS re-alleges and incorporates by reference JCS' responses to paragraphs 1 through 22 of this Answer and all affirmative defenses.

24.     The allegations in paragraph 24 consist of legal allegations requiring no response.  Nonetheless, these allegations are denied.

25.     The allegations of paragraph 25 of the First Amended Complaint are denied.  JCS has never rendered medical care services to inmates of the Shelby County Jail or any other jail or prison.

26.     The allegations of paragraph 26 of the First Amended Complaint are denied.

27.     The allegations of paragraph 27 of the First Amended Complaint are denied.

28.     The allegations of paragraph 28 of the First Amended Complaint are denied.

29.     The allegations of paragraph 29 of the First Amended Complaint are denied.

With respect to the unnumbered paragraph following paragraph 29 of the First Amended Complaint, JCS denies the allegations in this unnumbered paragraph and denies that the Plaintiff is entitled to any relief or damages whatsoever.

**COUNT II**
**Denial of Due Process Pursuant to**
**Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments**
**Defendants Shelby County, Curry, Harpersville, and JCS**

7

30.     In response to paragraph 30 of the First Amended Complaint, JCS re-alleges and incorporates by reference JCS' responses to paragraphs 1 through 29 of this Answer and all affirmative defenses.

31.     JCS denies the allegations of paragraph 31 of the First Amended Complaint.

32.     JCS denies the allegations of paragraph 32 of the First Amended Complaint.  JCS did not have the duty to hold an indigence hearing or the authority to determine a probationer's indigent status.   JCS had no authority to impose incarceration or any other punishment on probationers.

33.     JCS denies the allegations of paragraph 33 of the First Amended Complaint.

With respect to the unnumbered paragraph following paragraph 33 of the First Amended Complaint, JCS denies the allegations in this unnumbered paragraph and denies that the Plaintiff is entitled to any relief or damages whatsoever.

## COUNT III
### Denial of Equal Protection
### Defendants Shelby County, Curry, Harpersville, and JCS

34.     In response to paragraph 34 of the First Amended Complaint, JCS re-alleges and incorporates by reference JCS' responses to paragraphs 1 through 33 of this Answer and all affirmative defenses.

35.     JCS denies the allegations of paragraph 35 of the First Amended Complaint. JCS did not have the duty to hold an indigence hearing or the authority to determine a probationer's indigent status. JCS had no authority to impose incarceration or any other punishment on probationers.

36.     JCS denies the allegations of paragraph 36 of the First Amended Complaint.

With respect to the unnumbered paragraph following paragraph 36 of the First Amended Complaint, JCS denies the allegations in this unnumbered paragraph and denies that the Plaintiff is entitled to any relief or damages whatsoever.

## COUNT IV
### Wrongful Death
### Defendants Prison Healthcare, LLC, Shelby County and Curry

37.     The allegations in paragraph 37 consist of legal allegations requiring no response.

38.     The allegations of paragraph 38 of the First Amended Complaint are denied. JCS has never rendered medical care services to inmates of the Shelby County Jail or any other jail or prison.

39.     The allegations of paragraph 39 of the First Amended Complaint are denied.

40.   The allegations of paragraph 40 of the First Amended Complaint are denied.

With respect to the unnumbered paragraph following paragraph 40 of the First Amended Complaint, JCS denies the allegations in this unnumbered paragraph and denies that the Plaintiff is entitled to any relief or damages whatsoever.

## COUNT V
## Negligent Hiring, Training, Supervision and/or Retention
## Defendants Shelby County and Curry

41.   In response to paragraph 41 of the First Amended Complaint, JCS re-alleges and incorporates by reference JCS' responses to paragraphs 1 through 40 of this Answer and all affirmative defenses.

42.   The allegations of paragraph 42 of the First Amended Complaint are denied.  JCS has never rendered medical care services to inmates of the Shelby County Jail or any other jail or prison.

43.   The allegations of paragraph 43 of the First Amended Complaint are denied.

44.   The allegations of paragraph 44 of the First Amended Complaint are denied.

With respect to the unnumbered paragraph following paragraph 44 of the First Amended Complaint, JCS denies the allegations in this unnumbered

paragraph and denies that the Plaintiff is entitled to any relief or damages whatsoever.

## PRAYER FOR RELIEF

JCS denies that the Plaintiffs are entitled to the relief sought in the First Amended Complaint, to attorneys' fees or costs, to damages or to any relief whatsoever.

## GENERAL DENIAL

JCS denies any allegation in the First Amended Complaint – whether factual, legal or mixed – not specifically admitted or otherwise controverted in this Answer.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

JCS sets forth the following affirmative and additional defenses to the First Amended Complaint but does not assume the burden of proof with respect to any such defense except as required by applicable law or rule with respect to the particular defense asserted.

1.     The First Amended Complaint and each count fails to state a claim upon which relief can be granted.

2.     The Plaintiff's claims were not asserted within the time allowed by the applicable statutes of limitations.

3.     JCS was not acting under color of state law.

4.    JCS owed no legal duty to Rebecca Allred under common law, statute or the Constitutions of the United States and the State of Alabama.

5.    Rebecca Allred was guilty of negligence which contributed to cause her alleged injuries and damages.

6.    Rebecca Allred assumed the risk of injury.

7.    Plaintiff cannot prove the elements of any of her state or federal claims.

8.    Plaintiff lacks standing to assert the claims contained in the First Amended Complaint.

9.    Plaintiff's claims against JCS abates under Alabama Code § 6-5-462 (1975) because the claims does not allege JCS' actions resulted in Rebecca Allred's death.

10.   Plaintiff's claims are barred in whole or in part because Plaintiff and/or Rebecca Allred have failed to mitigate the alleged damages.

11.   JCS is entitled to recover attorneys' fees and costs, including expert fees and costs, under 42 U.S. C. § 1988(b) and (c), as well as under the Alabama Code and common law.

12.   Rebecca Allred's alleged injuries were caused solely by acts or omissions of persons or entities other than JCS, who are not and were not employees or agents of JCS, for whose acts or omissions JCS is not responsible

and which did not occur in connection with direct or indirect contractual relationship with JCS.

13.  The First Amended Complaint and each count thereof are barred because the alleged injuries and damages were not proximately caused by any acts or omissions of JCS.  JCS has never provided or been responsible for providing medical treatment to inmates incarcerated in the Shelby County Jail or any other jail or prison.  The duty to hold indigence hearings rests with the municipal court, not JCS.  Ala. Code § 12-14-9; Ala. R. Crim. P. 27(a)(5).  JCS had no authority to impose incarceration or any other punishment on probationers.  Further, Rebecca Lynn Allred was not a probationer of JCS at Harpersville, and JCS did nothing to cause Rebecca Lynn Allred's arrest, incarceration or death.

14.  Plaintiff's claims are barred in whole or in part by Rebecca Allred's unclean hands.

15.  Plaintiff's claims are barred in whole or in part by laches.

16.  Plaintiff's claims are barred in whole or in part by waiver and estoppel.

17.  Plaintiff's claims are barred in whole or in part by consent.

18.  Plaintiff lacks standing to assert some or all of her claims.

19.  JCS denies that it is liable for any damages claimed by Plaintiff.

20.    JCS pleads the affirmative defense of absolute quasi-judicial immunity.  JCS is not liable to the Plaintiffs.  It is immune based on quasi-judicial immunity.

21.    JCS asserts that the First Amended Complaint contains factual and legal allegations against JCS without support or substance based on Alabama and federal law.  Therefore, the First Amended Complaint violates Federal Rule of Civil Procedure 11's requirements.  For example, JCS has no record indicating that Rebecca Allred was a probationer assigned to it by the Harpersville Municipal Court or any other municipal court in Shelby County, Alabama.  JCS has requested documents from plaintiff's counsel confirming that Rebecca Allred was a probationer assigned to JCS by a municipal court in Shelby County but counsel has been unable to provide said documents.  All of the facts and law necessary to determine that JCS should not have been made a defendant were available.  JCS was made a defendant wrongly and for improper purposes and without legal or factual basis or justification.

22.    JCS denies that Rebecca Allred was damaged, injured or caused to die by any act or omission of JCS.  JCS contests the nature of relief and the amount of damages contained in the First Amended Complaint and in each count thereof by the Plaintiff.

23.    This Court lacks subject-matter jurisdiction.

24. The Plaintiffs have failed to join indispensable parties, including but not limited to the State of Alabama, and Shelby County Community Corrections Corp. Ala. Code § 12-1-2 (1975); Ala. R. Civ. P. 19.

25. To the extent Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the First Amended Complaint, such an award would also, if granted, violate JCS' state and federal constitutional rights.

26. To the extent Plaintiff makes a claim for punitive damages, JCS asserts that Plaintiff has not complied with statutory requirements to recover punitive damages.

27. To the extent Plaintiff claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant such as JCS upon a Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants on this case for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the

award against JCS, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  See Pacific Mut. Life Ins. Co. v. Haslip, 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States. Constitution;

(e)   The procedures pursuant to which punitive damages are awarded  result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of The United States Constitution; and,

(g)   The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)   Plaintiff's claim for punitive damages violates the Due Process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(1)   It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil JCS upon a plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

     (2)   The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these JCS;

     (3)   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

     (4)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

     (5)   The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

(i)   Plaintiff's attempt to impose punitive or extra-contractual damages on JCS, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)   The award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)   The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the constitution of Alabama.

(l)   The award of punitive damages against JCS in this action would violate the prohibition against laws that impairs the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)   The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the JCS' right to defend itself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n) The procedures pursuant to which punitive damages rare awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code § 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

28.     Plaintiff's First Amended Complaint seeks to make JCS liable for punitive damages.  The United Stated Supreme Court has reversed the Alabama Supreme Court in the case styled BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996) on the issue of punitive damages.  JCS adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003), and any subsequent applicable decisions.

29.     JCS affirmatively pleads that any punitive damages that Plaintiffs may recover in this case should be capped in keeping with Alabama Code § 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in Oliver v. Towns, 738 So. 2d 798 (Ala. 1999).

30.     The demand for punitive damages in the instant case is subject to the limitations established by the Alabama Legislature and set forth in Ala. Code § 6-11-21, (1975).  JCS adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.  The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was

unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.  See Honda Motor Company, Ltd. V. Oberg, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

31.     JCS avers that the punitive damage cap set out in Alabama Code § 6-11-21, (1975) applies to the instant case.  See Horton Homes, Inc. v. Brooks, 832 So. 2d 44 (Ala. 2001).

32.     JCS avers that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur.  See TXO Production Corp. v. Alliance Resources Corp., 113 S. Ct. 2711 (1993).

33.     JCS avers that the method of imposing punitive damages violates Amendment 328, Section 6.11, which prohibits the use of a procedural rule to abridge, enlarge or modify the substantive right of any party.  See Leonard v. Terminix Intern. Co., 854 So. 2d 529 (Ala. 2002).

34.     The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

35.     JCS adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or

limits the amount of punitive damages that can be recovered in an action at law in Alabama.

## **RELIEF REQUESTED**

WHEREFORE, PREMISES CONSIDERED, JCS prays that this Court will enter an Order dismissing the First Amended Complaint as against JCS, entering judgment in favor of JCS, assessing costs and attorneys' fees related to this action against Plaintiff under 42 U.S.C. § 1988 and federal and Alabama law and award to JCS such other, further or additional relief to which it may be entitled.

Dated: October 16, 2012.

Respectfully,

/s/ Wayne Morse, Jr.
Wayne Morse, Jr.
Attorney for JCS

WALDREP STEWART
& KENDRICK, LLC
2323 Second Avenue North
Birmingham, AL  35203
Telephone: (205) 254-3216
Facsimile:  (205) 327-8395

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mary-Ellen Bates
Bates, Hertzel, PC
The McAdory Building
2013 First Avenue North
Birmingham, Alabama 35203

/s/ Wayne Morse, Jr.
OF COUNSEL