# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRITTNE A. BELL, as Personal Representative of the Estate of Rebecca Lynn Allred,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SHELBY COUNTY, ALABAMA, et al.,** )<br>)<br>)<br>**Defendants.** ) | 2:12-CV-2991-LSC |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW the plaintiff, by and through her counsel of record, pursuant to this Court's Order of May 21, 2013, and amends her previously filed Complaints in this matter as follows:

### FACTUAL ALLEGATIONS

1.　Plaintiff adopts and realleges the factual allegations of her previously filed Amended Complaints (Doc. 4 and Doc. 29-1), and the substantive allegations of her original Complaint, as if fully set forth herein.

## AMENDED AND RESTATED COUNT I
### Deliberate Indifference to Decedent's Serious Medical Needs, in Violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution: 42 USC § 1983[1]

2.  Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein.

3.  Upon information and belief, and without the benefit of necessary discovery, plaintiff alleges that Sheriff Curry maintained a policy of denying inmates of the Shelby County Jail adequate medical care and medications.

4.  In addition to plaintiff's decedent, other inmates of the jail have suffered from a lack of medical care while incarcerated in the Shelby County Jail, thus placing Curry on notice of a widespread issue.

4.  On or about August 16, 2004, former inmate Clint Arlow Morris died at University Hospital in Birmingham, of an apparent staff infection. According to media reports, Morris did not receive medical treatment for a week after the injury that became infected.[2]

5.  On or about July 30, 2007, litigation was filed against Sheriff Curry by inmate Johnny L. Cupps in the Northern District alleging denial of adequate

---

[1] Per this Court's Order of May 21, 2013, this Amended Complaint alleges only facts relevant to the plaintiff's claims against Sheriff Chris Curry. However, plaintiff maintains her claims against the other defendants and waives nothing.

[2] Information on this matter is available at http://www.shelbyso.com/news.php?page=43

dental care despite repeated requests.[3]

6. On or about January 7, 2011, suit was again filed against Sheriff Curry alleging inadequate medical care by inmate Joseph Alle Ray. Specifically, Mr. Ray's alleges that he was denied medication and adequate leg braces. [4]

7. On or about April 26, 2013, Curry was sued again by inmate Willie M. Cottingham, alleging, among other grievances, that he cannot afford the fee charged to visit the jail nurse, and has not been provided his prescription medication.[5]

8. The incidents described above are only those available via searches of public records, but demonstrate that Ms. Allred is not the only inmate in Shelby County to be denied medical care.

9. This pattern of incidents alleged herein has placed Curry on notice of the need to correct this ongoing problem, but he has failed to do so.

10. The number of incidents of denial of medical care constitutes evidence of a custom or policy of the jail to deny inmates medical care. This custom or policy proximately resulted in the denial of urgently needed medical

---

[3] *Cupps v. Chris Curry, et al.* 2:07-cv-01349-SLB-TMP

[4] *Ray v. Shelby County, et al.* 2:11-cv-00064-CLS-HGD..

[5] *Cottingham v. Chris Curry,* 2:13-cv-00781-WMA-JEO.

care to plaintiff's decedent, which directly resulted in her untimely death.

WHEREFORE, PREMISES CONSIDERED, plaintiff demands judgment against Sheriff Chris Curry, in his individual capacity, in such an amount as a jury may assess as just, plus interest from the date of judgment and the costs of this litigation, including a reasonable attorney's fee.

### AMENDED AND RESTATES COUNT IV
### Wrongful Death

11. Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein.

12. As alleged *supra*, Curry was on notice of widespread problems with inmates in the Shelby County Jail being denied medical treatment, and did nothing to correct the problem prior to the death of Ms. Allred.

13. Curry may be held liable under 42 USC § 1983 for the wrongful death of plaintiff's decedent, based on the same facts which are alleged in Count I.

14. Curry's failure to correct problems of which he was aware, and/or his custom or policy of denying medical care to inmates proximately resulted in the denial of urgently needed medical care to plaintiff's decedent, which directly resulted in her untimely death.

15. WHEREFORE, PREMISES CONSIDERED, plaintiff demands

judgment against Sheriff Chris Curry, in his individual capacity, in such an amount as a jury may assess as just, plus interest from the date of judgment and the costs of this litigation, including a reasonable attorney's fee.

Respectfully submitted,

                            <s> *Mary-Ellen Bates*
                            Mary-Ellen Bates
                            ASB-0270-B65M

OF COUNSEL:
**BATES, HETZEL, PC**
The McAdory Building
2013 1st Avenue North, Suite 450
Birmingham, Alabama 35203
Telephone: (205) 453-0060
Facsimile: (205) 453-0042

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was served on the below-named counsel of record by filing same with the Court's electronic filing system on this the 3rd day of June, 2013.

Jay M. Ezelle, Esq.
Starnes, Davis & Florie, LLP
Post Office Box 598512
Birmingham, Alabama 35259

Mark W. Lee, Esq.
Parsons, Lee & Juliano, PC
Post Office Box 530630
Birmingham, Alabama 35203

Timothy P. Donahue, Esq.
Donahue & Associates, LLC
1020 22nd Street South
Birmingham, Alabama 35205

H. Cannon Lawley, Esq.
Huie, Fernambucq & Stewart, LLP
Three Protective Center, Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223

Frank C. Ellis, Jr.
Wallace, Ellis, Fowler & Head
Post Office Box 587
Columbiana, Alabama 35051

                                              <s>  *Mary-Ellen Bates*
                                              OF COUNSEL